IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID MALONE,<br><br>    Plaintiff,<br><br>v.<br><br>PRESIDENT BARACK OBAMA;<br>HONORABLE ERIC HOLDER,<br><br>    Defendants. | Case No. 2:14-cv-331-MEF<br>(WO—Do Not Publish) |

**ORDER**

This cause comes before the Court on the Motion for Preliminary Injunction and Restraining Order (Doc. #3) and Application to Proceed in Forma Pauperis (Doc. #2) filed by Plaintiff David Malone, acting *pro se*, on May 7, 2014. Plaintiff seeks to enjoin the President of the United States and the United States Attorney General from implementing a clemency program for federal inmates serving time for certain drug offenses. Specifically, Plaintiff requests the Court to enjoin the President and the Attorney General from implementing any clemency program until similar "provisions are made" for state prisoners, to direct the Attorney General to investigate Alabama's drug and sentencing laws, to order the Attorney General to intervene in any preliminary injunction proceedings, and to order the President to grant Plaintiff clemency so he "can get [his] law degree." (Doc. #3.)

Rule 65 of the Federal Rules of Civil Procedure restricts a court's ability to grant a temporary restraining order. To overcome the restrictions contained in Rule 65, a plaintiff

must make clear from "specific facts in an affidavit or a verified complaint . . . that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A).  The Eleventh Circuit has held that this requires the plaintiff to show the following: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  A temporary restraining order is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion" as to each of these four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted).  Even construing Plaintiff's pleading liberally, as the Court must do with *pro se* litigants, *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the Court finds that Plaintiff has wholly failed to meet his burden of persuasion in establishing any of the above factors and, consequently, cannot meet an essential requirement of Rule 65.

Based on the foregoing, it is hereby ORDERED that the Motion for Preliminary Injunction and Restraining Order (Doc. #3) is DENIED.  The Court further finds that this motion is more appropriately considered a request for a preliminary injunction and a claim for permanent injunctive relief.  Accordingly, it is ORDERED that this case is REFERRED to the assigned Magistrate Judge for action or recommendation on all pretrial matters.

DONE this the 7th day of May, 2014.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE